UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.   CV 13-02102-VBF             Dated:      July 16, 2013

Title:   *Christopher Earl Cox, Petitioner v. State of California, Respondent*

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Linda Kanter                            N/A
Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

N/A                                     N/A

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING THE HABEAS CORPUS PETITION IN ITS ENTIRETY WITHOUT PREJUDICE FOR FAILURE TO PROVE EXHAUSTION OF STATE-COURT REMEDIES and DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

By Order issued May 17, 2013, this Court stated in pertinent part as follows:

The Court agrees with the Magistrate Judge that this 28 U.S.C. § 2254 habeas corpus petition is *ultimately* subject to dismissal without prejudice because it is a "mixed" petition, i.e., it contains both exhausted and unexhausted claims. *See* R&R at 2. For reasons explained below, however, the petition is not subject to dismissal *at this juncture*. * * *
                                        * * *
* * * The Ninth Circuit recently reaffirmed that while "[f]ederal courts may not adjudicate mixed habeas petitions," nonetheless *"we have explained that a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims."* Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013) (emphasis added) . . . .

MINUTES FORM 90                         Initials of Deputy Clerk _____
CIVIL - GEN

Document ("Doc") 7 at 1-2.  Accordingly, the Court ordered as follows:

> No later than Monday, July 1, 2013, petitioner **MAY FILE** an amended petition which deletes the unexhausted claims (Claims 1 and 3) and contains only the exhausted claim which is currently pled as Claim 2.  [T]he petitioner is **CAUTIONED** that if petitioner fails to file such an amended petition by that deadline, his entire petition will be dismissed without prejudice – without further notice – for failure to exhaust available state-court remedies.

Doc 7 at 4; *see also Broussard v. California*, 2013 WL 3283718, *1 (C.D. Cal. June 28, 2013) (Manuel Real, J.) ("[T]he petition is mixed.  In lieu of dismissing the action at this time, as recommended in the Report, the Court orders as follows.  Within thirty days . . .  Petitioner may file an amended petition which deletes the unexhausted claim . . . and contains only the exhausted claims . . . .  If Petitioner fails to file such an amended petition by that deadline, his entire petition will be dismissed without prejudice for failure to exhaust available state[-]court remedies.").

Under the mailbox rule, a filing by a *pro se* prisoner is deemed to be filed on the date when the prisoner tenders the document to the prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001).  Thus, even if the Court does not receive a filing until after the deadline, the filing will be deemed timely so long as the prisoner tendered it for mailing on the deadline. *See, e.g., Till v. Stainer*, 2012 WL 1949385, *2 (N.D. Cal. May 29, 2012) ("The instant petition was filed and docketed on November 30, 2011, but it is deemed filed earlier under the 'mailbox rule.'"); *Brown v. McDonald*, 2012 WL 1574799, *1 n.2 (E.D. Cal. May 3, 2012) (mailbox rule applies to federal- and state-court filings by incarcerated parties) (citing, *inter alia*, *Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010)).[1]

---

[1] The date on which a prisoner purports to have signed a document is considered the earliest possible date he could have submitted it to prison authorities for filing under the mailbox rule.  *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), *overruling on other grounds recognized by Porter v. Ollison*, 620 F.3d 952, 955 (9th Cir. 2010).  If the prisoner has not signed the document, the court may deem it to be filed on the date shown on the proof of service.  *See, e.g., Grayson v. Adams*, 2010 WL 728561, *1 n.1 (E.D. Cal. Mar. 1, 2010).

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk _____

For petitioner's benefit the Court assumes *arguendo* that petitioner tendered an amended habeas petition to the prison authorities for mailing last Monday, July 1, 2013 but the prison authorities did not mail it until the end of the day on Wednesday, July 3, 2013. Even excluding the two intervening days when there was no U.S. Postal Service delivery of first-class mail – Thursday, July 4 (a federal holiday) and Sunday, July 7 – in the ordinary course of events the document certainly would have arrived here no later than Wednesday, July 10, 2013, five mailing days later. *Accord US v. Mierop*, 2010 WL 549297, *2 (W.D. Mich. Feb. 10, 2010) (Paul L. Maloney, C.J.) (even assuming prison did not mail reply brief until Thursday, February 4, two days after prisoner submitted it, that brief would have made the roughly 700-mile journey via regular first-class mail from his prison to the Clerk's Office within three business days, i.e., by Monday, February 8). **The Court infers and finds that petitioner did not submit an amended habeas petition (or other document responsive to this Court's order) to prison authorities for mailing by Monday, July 1, 2013.** *Contrast Escamilla v. Lewis*, 2013 WL 3233326, *1 (C.D. Cal. June 26, 2013) (Virginia Philips, J.) ("Petitioner did not dispute . . . the Court's findings that Grounds One and Three were unexhausted . . . . * * * In accordance with the options contained in the district judge's order, Petitioner filed a notice . . . withdrawing Grounds One and Three of the petition . . . .").

**Consequently, the Court must dismiss the petition without prejudice for failure to prove exhaustion of state-court remedies.** *See, e.g., Brown v. Keblis*, 2011 WL 6433308, *1 (C.D. Cal. Dec. 16, 2011) (Carter, J.) ("It is ordered that, as the Petition is 'mixed,' and as Petitioner has not amended his petition to delete his unexhausted claims . . . or otherwise notified the Court that he has abandoned / voluntarily dismissed such claims by the deadline . . . , . . . the Petition is dismissed and Judgment is to be entered accordingly."); *Alonso v. Biter*, 2013 WL 57711, *4 (E.D. Cal. Jan. 4, 2013) (Oberto, M.J.) ("Petitioner has been given an opportunity to withdraw the unexhausted claims and to proceed on the fully exhausted claims; however, Petitioner failed to withdraw the unexhausted claims. The Court must thus dismiss the petition without prejudice.").

<u>PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY</u>

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255," *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer,

MINUTES FORM 90                                                      Initials of Deputy Clerk _____
CIVIL - GEN

JJ., concurring), or section 2254, and "'[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant'", *Cleveland v. Babeu*, 2013 WL 2417966, *3 (C.D. Cal. May 29, 2013) (Valerie Baker Fairbank, J.) (quoting Rule 11(a) of the Rules Governing Section 2254 Cases).

A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case *sub judice*, reasonable jurists would not find it debatable that petitioner has filed a mixed petition containing both exhausted and unexhausted claims. Nor would reasonable jurists find it debatable whether this Court afforded petitioner the options required by Supreme Court and Ninth Circuit precedent before dismissing the petition for failure to exhaust available state-court remedies as to all claims. In short, in the posture of this case, the questions raised by the petition are not "'adequate to deserve encouragement to proceed further.'" *Jennings v. Baker*, – F. App'x –, 2013 WL 830610, *1 (9th Cir. Mar. 7, 2013) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983)).

## ORDER

The habeas corpus petition is **dismissed without prejudice in its entirety** for failure to prove exhaustion of available state-court remedies.

The Court **DECLINES** to issue a certificate of appealability.

As required by FED. R. CIV. P. 58(a)(1), the judgment is being issued as a separate document.[2]

This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[3]

---

[2] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion which concluded, "The Court will issue a separate Judgment as required by Rule 58(a)."); *Stratton v. Buck*, 697 F.3d 1004, 1007 (9th Cir. 2012) ("The district court apparently did not enter a separate Judgment, as required by FED. R. CIV. P. 58(a)(1).").

[3] *See Korn v. US*, 2013 WL 1163941, *18 (C.D. Cal. Mar. 20, 2013) (Fairbank, J.) (citing *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies COA, applicant may request COA from a circuit judge).

IT IS SO ORDERED.

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk _____