UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER EARL COX, | ) | CASE NO. CV 13-02102 VBF (RZ) |
| Petitioner, | ) | |
| v. | ) | ORDER AMENDING RULING OF JULY 16, 2013 TO CONVERT WITHOUT-PREJUDICE DISMISSAL INTO WITH-PREJUDICE DISMISSAL |
| PEOPLE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

This is a state prisoner's action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 17, 2013, the Court dismissed the initial three-claim petition as "mixed" because Petitioner indicated that while Claim 2 was exhausted, Claims 1 and 3 were not. The Court gave Petitioner leave to file a First Amended Petition (FAP) by July 1, 2013 which presented only the exhausted claim. Because the docket did not reflect the filing of a FAP when the Magistrate Judge reviewed the docket on Wednesday, July 10, 2013, the Magistrate Judge forwarded a proposed order to the undersigned which recommended dismissal of *the original* petition in its entirety as "mixed" and denial of a certificate of appealability ("COA"). The undersigned adopted the proposed order and dismissed the original petition. *See Cox v. State of California*, No. CV 13-02102, 2013 WL 3755056 (C.D. Cal. July 16, 2013) (Fairbank, J.).

It is now apparent that Petitioner did file a first amended petition on Wednesday, July 3, 2013, but for some reason the Clerk's Office did not enter this item on the docket until one week later, Wednesday, July 10, 2013, which was also approximately when the Magistrate Judge forwarded the proposed order

dismissing the original complaint. Thus, when the Magistrate Judge forwarded the proposed order and when this Court received it, the docket contained no entry for any amended petition. *Cf., e.g., United States v. Dees*, 2013 WL 4162643, *2 (S.D. Ala. Aug. 15, 2013) ("[T][he Court learned that due to a docketing error, the order issued on January 24, 2013 had not been docketed. The error was corrected . . . .").[1] (The filing date suggests that petitioner signed and submitted the FAP to prison staff for mailing by July 1, 2013 and, thus, that it was timely under the mailbox rule.) **The Court issues this Order to address the first amended petition. The Court determines (1) to dismiss the action *with* prejudice, instead of without prejudice, and, as before, (2) to deny a COA.**

**The FAP presents only one claim. The Court notes four problems, some minor and some major. The first problem is minor.** Petitioner has substituted an entirely different claim. Claim 2 in the original petition accused counsel of rendering constitutionally ineffective assistance. In the FAP's sole claim, Petitioner now asserts instead that police used false DMV information as a basis for conducting a parole search of his home, where they found illegal drugs and alleged retail-operation paraphernalia. *See People v. Cox*, No. B215635, 2010 WL 2838588, *1 (Cal. Ct. App. July 21, 2010) (J. Zelon, joined by Acting P.J. Woods and J. Jackson). But the Court finds no Supreme Court or Ninth Circuit precedent suggesting that this claim-swapping, so early in the case, is itself enough to warrant dismissal.

**The second defect in the amended habeas petition is serious.** Although Petitioner does not use the term "Fourth Amendment," he implicitly asserts that the search that yielded the damning drug

---

[1] *Cf. also Feist v. Johnson*, No. 98-41551, 190 F.3d 538, 1999 WL 642874, *1 (5th Cir. July 27, 1999) ("In . . . [an order], this court found that Feist need not secure permission to file a habeas application . . . .' The district court denied Feist's motion to reinstate his habeas application *because* there was no record of the . . . order. [T]he district court was correct in noting that this order did not appear on the docket sheet . . . . As the district court did not consider this court's order in denying Feist's motion to reinstate, this court has no choice but to find that error has been committed.");

*United States v. Miranda*, 835 F.2d 830, 833 (11th Cir. 1988) ("[B]ecause the notice of appearance from the attorney general did not appear on the docket sheet, the district court judge had no notice of any response from the attorney general."); *United States v. Yagid*, 528 F.2d 962, 964 (2d Cir. 1976) ("[T]he government filed a notice of readiness in an attempt to ascertain the whereabouts of the case. After learning that the notice had not been docketed . . . .").

evidence violated his Fourth Amendment rights. But Supreme Court precedent holds that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3046 (1976) (footnote 17 omitted). "It is not necessary that a petitioner actually litigate the Fourth Amendment claim in state court," "so long as the petitioner had the opportunity to litigate" that claim. *See Lopez v. Yates*, 2009 WL 3164918, \*5 (C.D. Cal. Sept. 28, 2009) (Fairbank, J.) (citing *Caver v. Alabama*, 577 F.3d 1188, 1192 (9th Cir. 1978)). "Although *Stone* did not delineate a specific test for determining whether a petitioner has received an opportunity for full and fair litigation of a claim, relevant factors include the extent to which the merits of the factual dispute were resolved in a trial court hearing and the extent to which the claims were briefed and considered by the appellate courts." *Rivera v. Felker*, 2009 WL 2246100, \*2 (C.D. Cal. July 18, 2009) (Wu, J.) (citing *Terrovona v. Kincheloe*, 912 F.3d 1176, 1178-79 and n.4 (9th Cir. 1990) (citing, *inter alia*, *Townsend v. Sain*, 372 U.S. 293, 83 S. Ct. 745 (1963))).

"The prudential bar is so strong that, absent petitioner . . . showing" that the state courts did not afford him an opportunity for full and fair litigation of the claim, "a federal court must *sua sponte* apply *Stone v. Powell* to bar consideration of a Fourth Amendment claim even when the state fails to raise the issue." *McCoy v. Glebe*, 2010 WL 5174591, \*2 (W.D. Wash. Oct. 21, 2010) (citing *Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993)), *R&R adopted*, 2010 WL 5174586 (W.D. Wash. Dec. 15, 2010).[2] *See, e.g.,* Ninth Circuit district courts *sua sponte* applying *Stone* to dismiss Fourth Amendment habeas claim with prejudice: *Hunter v. Miller-Stout*, 2013 WL 1966168, \*9 (W.D. Wash. Apr. 23, 2013) (Karen

---

[2] *Accord United States v. Ishmael*, 343 f.3d 741, 743 (**5th Cir.** 2003) (citing *Davis v. Blackburn*, 803 F.2d 1371, 1372-73 (5th Cir. 1986) ("[W]e are obliged to apply *Stone* as a prudential limitation on the exercise of our jurisdiction . . . even if it must be raised *sua sponte*."));

*Young v. Conway*, 715 F.3d 79, 86 (**2d Cir.** 2013) (J. Parker, joined by J. Hall, concurring in denial of reh'g en banc) ("[T]hat panel could choose to apply *Stone sua sponte*, as nothing in our opinion forecloses that option."), *pet. cert. filed*, 82 U.S.L.W. 3075 (U.S. July 22, 2013) (No. 13-95);

*Herrera v. Lemaster*, 225 F.3d 1176, 1178 (**10th Cir.** 2000) ("We *sua sponte* asked the parties to file supplemental briefs addressing whether we are barred by *Stone* . . . from addressing the harmless error aspect of petitioner's Fourth Amendment claim."), *on reh'g en banc on other grounds*, 301 F.3d 1192 (10th Cir. 2002).

Strombom, M.J.) , *R&R adopted*, 2013 WL 1964928 (W.D. Wash. May 10, 2013) (Ronald Leighton, J.); *Roberts v. Vail*, 2011 WL 7077238, *8 (W.D. Wash. Nov. 14, 2011) (Brian Tsuchida, M.J.), *R&R adopted*, 2012 WL 182247 (W.D. Wash. Jan. 23, 2012) (Marsha Pechman, J.).

**California criminal defendants enjoy a full and fair opportunity to present Fourth Amendment challenges to proffered evidence.** *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990). The California Penal Code provision entitled Motion to Return Property or Suppress Evidence states in pertinent part that

> [a] defendant may move . . . to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on either of the following grounds: (A) The search or seizure without a warrant was unreasonable:
>
> (I) The warrant is insufficient on its face.
> (ii) The property or evidence obtained is not that described in the warrant.
> (iii) There was not probable cause for issuance of the warrant.
> (iv) The method of execution of the warrant violated federal or state constitutional standards.
> (v) There was any other violation of federal or state constitutional standards.

CAL. PENAL CODE § 1538.5(a)(1); *see also* CAL. PENAL CODE § 1538.5(e) ("If, prior to the trial of a felony or misdemeanor, opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion, the defendant shall have the right to make this motion during the course of trial."). In turn, California state criminal law provides that

> if a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section, Section 871.5, 1238 [appeals by the prosecution], or 1466 [appeals by prosecution or defendant in infraction and misdemeanor cases] are utilized by the People.

CAL. PENAL CODE § 1538.5(d). Consequently, *Stone v. Powell* thus bars federal habeas relief on this claim.[3] *See, e.g., Burgos v. McWilliams*, 2009 WL 1833870, *8 (C.D. Cal. June 23, 2009) (Fairbank, J.)

---

[3] As this Court has previously noted, "the *Stone v. Powell* limitation on the availability of federal habeas relief for such alleged Fourth Amendment violations is 'not jurisdictional in nature, but rest[s]
(continued...)

-4-

("In this case, petitioner . . . had a full and fair opportunity to litigate his Fourth Amendment claim in state court by virtue of California Penal Code section 1538.5. Accordingly, petitioner's first claim is not cognizable on federal habeas review and he is not entitled to habeas relief on such claim."); *accord Vaca v. Biter*, 2013 WL 4496555, *6 (E.D. Cal. Aug. 21, 2013) (Stanley Boone, M.J.).

**The third defect in the amended petition is also serious.** Petitioner indicates that his new claim is unexhausted. *See* FAP at 5. As the Court explained in its May 17, 2013 order, petitions that contain *only* unexhausted claims are subject to summary dismissal without opportunity for amendment. *See Haynes v. Brazleton*, 2013 WL 352132, *2 (C.D. Cal. Jan. 29, 2013) (Fairbank, J.) ("'Once a district court determines that a habeas petition contains only unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust.'") (quoting *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)). In fact, a district court has no discretion to stay a habeas proceeding to permit exhaustion of claims when there are *no* exhausted claims pending before it. *See Willie v. Martel*, 2008 WL 340480, *3 (N.D. Cal. Feb. 5, 2008) (citing *Raspberry*, 448 F.3d at 1154); *see, e.g., Jackson v. Ollison*, 2007 WL 433188, *1 n.1 (S.D. Cal. Jan. 23, 2007) ("Petitioner's first federal habeas corpus petition . . . contained no exhausted claims. Therefore, the Court properly dismissed the petition.") (citing *Raspberry* and *Jiminez*).

**The fourth defect is that petitioner fails to name a proper respondent.** The sole proper respondent in a habeas action is the petitioner's physical, on-site custodian, typically the warden, and the failure to name that custodian deprives the Court of personal jurisdiction. *See* 28 U.S.C. § 2242; Rule 2(a), Rules Governing Sec. 2254 Cases in the U.S. District Courts; *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S. Ct. 2711 (2004); *Stanley v. Calif. S. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). This alone would not be a

---

[3](...continued)
on prudential concerns counseling against the application of the Fourth Amendment exclusionary rule on collateral review.'" *Sherow v. Brazleton*, No. CV 13-00060, 2013 WL 3224418, *1 n.1 (C.D. Cal. June 24, 2013) (Fairbank, J.) (quoting *Withrow v. Williams*, 507 U.S. 680, 686, 113 S. Ct. 1745, 1750 (1993) (citing, *inter alia*, *Stone*, 428 U.S. at 494-95 n.37, 96 S. Ct. at 3052-53 n.37, and *Kimmelman v. Morrison*, 477 U.S. 365, 379 n.4, 106 S. Ct. 2574, 2585 n.4 (1986)); *accord Young v. Conway*, No. 11-830, – F.3d –, –, 2013 WL 1749701, *6 (2d Cir. Apr. 23, 2013) (Parker, J., joined by Hall, J., concurring in denial of reh'g *en banc*) ("[T]he Supreme Court made clear that *Stone*'s rule is not jurisdictional.").

serious defect, as it can be readily rectified by the filing of a second amended petition that names petitioner's warden as the respondent. *See, e.g., Clark v. California*, 2013 WL 4039795, *3 (C.D. Cal. Aug. 5, 2013) (Fairbank, J.) ("[P]etitioner . . . only listed the 'People of the State of California' without naming any official having custody of petitioner. * * * After respondent filed the motion to dismiss, petitioner . . . filed a . . . motion to amend the name of the respondent . . . . As Elvin Valenzuela is the proper respondent in this action, . . . the motion to amend [will] be granted."); *cf. Carter v. Illinois Dep't of Corrs.*, 2013 WL 4734015, *1 (S.D. Ill. Sept. 3, 2013) (holding that state corrections department and petitioner's *former* warden were not proper respondents in section 2254 habeas action, and directing the clerk of court to substitute the proper respondent for the respondents named in the petition).

**In light of the second and third of these four shortcomings, the Court must dismiss the action.** The Court could dismiss the action without prejudice as entirely unexhausted. *See Raspberry*, 448 F.3d at 1154; *accord United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) ("Traditionally, when a petition contains entirely unexhausted . . . claims, the petition would be dismissed without prejudice.") (citation omitted). In this instance, however, dismissal *with* prejudice is appropriate because exhaustion of the improper-search claim would be futile: no amendment could alter the fact that such a claim is barred by *Stone v. Powell*. *Accord Abara v. Palmer*, 2013 WL 4458863, *9-*10 (D. Nev. Aug. 16, 2013) (entire habeas petition was subject to dismissal without prejudice as fully unexhausted, but court dismissed the petitioner's Fourth Amendment claim "*with* prejudice as non-cognizable" under *Stone*); *cf. Schoppe-Rico v. Horel*, 2010 WL 4722476, *1 (N.D. Cal. Nov. 15, 2010) ("Petitioner's subsequent motions for leave to amend . . . were denied because his proposed changes were minor, unnecessary, or in the case of his attempt to reassert claims barred by *Stone v. Powell*, futile."); *Bryant v. Lempke*, 2009 WL 3188934, *1 (W.D.N.Y. Sept. 30, 2009) ("To the extent that Bryant seeks to raise claims that his arrest and the search of his home alleged violations of the Fourth Amendment . . . , the

Court finds that amending the petition to include these claims would be futile under . . . *Stone v. Powell*.").[4]

**ORDER**

Accordingly, this Court's July 16, 2013 order **[Doc. # 9] is hereby amended as follows:**

The first amended habeas corpus petition **[Doc. #8] is DISMISSED *with* prejudice**.

By separate order the Court will deny a certificate of appealability. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals.[5]

As required by FED. R. CIV. P. 58(a)(1), the amended judgment will be a separate document.[6]

DATED: September 13, 2013

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[4] *Cf. Jacquemain v. Beard*, 2013 WL 1738472, *1 (C.D. Cal. Apr. 17, 2013) (Collins, J.) ("[T]he Petition is dismissed with prejudice because [it] . . . is barred by the doctrine of *Stone v. Powell* . . . ."); *Waddell v. Cate*, 2009 WL 361634, *9 (S.D. Cal. Feb. 10, 2009) (a court may deny a habeas petition "even if it is partly or entirely unexhausted if it fails to raise even a colorable federal claim") (citing, *inter alia*, 28 U.S.C. § 2254(b)(2) ("An application . . . may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")).

[5] *See Korn v. US*, 2013 WL 1163941, *18 (C.D. Cal. Mar. 20, 2013) (Fairbank, J.) (citing *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012)); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies COA, applicant may request COA from a circuit judge).

[6] *See Cox v. California*, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (Valerie Baker Fairbank, J.) (citing *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion which concluded, "The Court will issue a separate Judgment as required by Rule 58(a).") and *Stratton v. Buck*, 697 F.3d 1004, 1007 (9th Cir. 2012) ("The district court apparently did not enter a separate Judgment, as required by FED. R. CIV. P. 58(a)(1).")); *see also Bravo v. City of Santa Maria*, 665 F.3d 1076, 1079 n.5 (9th Cir. 2011).

*Accord In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008) ("A combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.").